LANDRIEU, J.,
concurs in part and dissents in part.
hi concur in the majority’s finding that the trial court did not err by granting injunctive relief to the Appellees and awarding them costs. I also concur in the majority’s denial of the increase in the costs award sought by Appellees in their answer to the appeal. For the reasons that follow, I dissent from the majority’s remand of this matter for a determination as to whether there exists a less drastic remedy than removal of the Smiths’ carport.
As the majority quotes, the trial judge stated in his Reasons For Judgment: “Because there are no less drastic remedies available to force compliance with the building restrictions, the Court orders that M. Smith must remove the carport....” (Emphasis supplied). The record confirms that the trial court considered the feasibility of remedies other than removal of the entire carport but found that none existed. This determination by the trial court is a factual finding that we cannot reverse absent manifest error. The record fails to demonstrate that this finding is |2manifestly erroneous or clearly wrong.[1] Therefore, I would not remand the matter but would affirm the trial court’s judgment in its entirety.
Accordingly, I respectfully concur in part and dissent in part.

. During oral argument of this appeal, counsel for the Smiths was asked to inform this Court as to what other remedy would be feasible, and he did not have an answer.